J-S40028-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| ROSALIE A. DALESSIO, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| SAMUEL J. DALESSIO, | : | |
| | : | |
| v. | : | |
| | : | |
| Appellant | : | |
| | : | |
| DOUGLAS J. DALESSIO, | : | |
| | : | |
| v. | : | |
| | : | |
| DOUGLAS DALESSIO, TRUSTEE OF | : | |
| DALESSIO FAMILY TRUST AND THE | : | |
| DALESSIO FAMILY TRUST, | : | No. 12 WDA 2015 |

Appeal from the Order entered December 10, 2014,
Court of Common Pleas, Indiana County,
Civil Division at No. 11428 C.D. 1988

BEFORE: FORD ELLIOTT, P.J.E., DONOHUE and STRASSBURGER*, JJ.

MEMORANDUM BY DONOHUE, J.: **FILED JULY 8, 2015**

Samuel J. Dalessio ("Husband") appeals from the order of court entered on December 10, 2014 denying his petition to modify his alimony obligation. Following our review, we affirm.

This matter has a long and complicated history, but the facts relevant to this appeal may be summarized as follows. Husband and Rosalie A. Dalessio ("Wife") married in 1967, separated in 1988, and divorced in 1993.[1]

---

[1] During the course of the parties' divorce action, their son, Douglas J. Dalessio, and the Dalessio Family Trust were joined as additional defendants. These parties are not implicated in the present appeal.

*Retired Senior Judge assigned to the Superior Court.

In 1995, to resolve the parties' equitable distribution claims, the trial court awarded Wife sixty percent of the marital property and provided that Husband pay Wife alimony pendente lite ("APL") until she receives her portion of the marital property in full. Initially, the trial court ordered that Husband pay Wife $500 per month in APL, but this amount has been modified throughout the years as a result of petitions filed by the parties.[2] As of April 2014, Husband was required to pay Wife $600 in APL and $400 towards arrears. On April 30, 2014, Husband filed a petition seeking to reduce this amount because his income decreased and he believed that Wife's income had increased. Petition to Modify Alimony Pendente Lite, 4/30/14, at 1. Following a hearing, the trial court denied Husband's petition. This timely appeal follows, in which Husband raises the following issue for our review:

> 1. Did the [t]rial [c]ourt commit an error of law and abuse its discretion when it was determined that [Husband] had failed to prove a substantial change in circumstances with the reduction in his income, and increase in [Wife's] income?

Husband's Brief at 4.

This Court has summarized the purpose of APL as follows:

> APL is "an order for temporary support granted to a spouse during the pendency of a divorce or annulment proceeding." 23 Pa.C.S.A. § 3103. APL "is designed to help the dependent spouse maintain

---

[2] Husband is also obligated to pay for Wife's health insurance, which costs approximately $1200 per month.

> the standard of living enjoyed while living with the independent spouse." ***Litmans v. Litmans***, [] 673 A.2d 382, 389 ([Pa. Super.] 1996). Also, and perhaps more importantly, "APL is based on the need of one party to have equal financial resources to pursue a divorce proceeding when, in theory, the other party has major assets which are the financial sinews of domestic warfare." ***Id.*** at 388. APL is thus not dependent on the status of the party as being a spouse or being remarried but is based, rather, on the state of the litigation.

***Schenk v. Schenk***, 880 A.2d 633, 644 (Pa. Super. 2005).

"An award of alimony pendente lite may be modified or vacated by a change in circumstances. The award is always within the control of the court." ***Litmans v. Litmans***, 673 A.2d 382, 388 (Pa. Super. 1996) (citation omitted). "It is the burden of the party seeking to modify an order of support to show by competent evidence that a change of circumstances justifies a modification." ***Id.*** Further, "[t]he amount awarded as [APL] is within the sound discretion of the trial court and absent abuse of discretion, the appellate court will not disturb the trial court's award." ***Id.***

Husband contends that his income has decreased because Wife, in an effort to collect the amount due to her pursuant to the equitable distribution award, successfully seized the contents of his bank accounts, and now he no longer receives interest income from those accounts.[3]  Husband's Brief at

---

[3] The record reveals that in 1998 Wife had her award reduced to a judgment against Husband and Douglas Dalessio. As of the date of the hearing in this matter, Wife had not yet received the entirety of her equitable distribution

10. He makes the same argument with regard to gas and coal royalties, which he claims Wife has also successfully garnished, stating that "taking away his gas and coal royalties, which were $30,000 in 2012, clearly shows a change in circumstance and a reduction of [Husband's] income." *Id.* at 11. Husband contends that the trial court "refused to consider the evidence presented" to establish his reduction in income. *Id.* at 10. He states, "[f]or the [t]rial [c]ourt to ignore the testimony of [Husband] that the only income he had left, because of the garnishments, was a portion of social security … constituted an abuse of discretion." *Id.* at 12-13.

Contrary to Husband's claim, the trial court did not ignore Husband's testimony; rather, it found him to be a wholly incredible witness. Trial Court Opinion, 2/25/15, at 2. Furthermore, it found that Husband failed to establish a change in circumstances that would permit a modification of his APL obligation. It reasoned,

> In regards to his reduced income claim, [Husband] asserted that this was due to [Wife's] efforts of garnishing his bank accounts. No evidence was entered as to the exact amount of money garnished, how [Husband's] income was affected and what income he had remaining. [Husband] did claim that he had nothing, asserting that [Wife] had taken it all.
>
> The [c]ourt found that the evidence submitted did not satisfy [Husband's] burden. The Court does

---

award and the sums that she had received were obtained by executing on those judgments.

> not consider [Husband] to be a credible witness. He was evasive and argumentative in his testimony.

Trial Court Opinion, 2/25/15, at 2.

We can discern no abuse of discretion in this determination. First, we note that credibility determinations are within the sole province of the trial court, which this Court may not disturb on appeal. ***Busse v. Busse***, 921 A.2d 1248, 1256 (Pa. Super. 2007). Therefore, we must accept the trial court's determination that Husband's testimony was incredible. As noted by the trial court, Husband presented no other evidence, documentary or otherwise, to establish that he lost this purported stream of income. As such, there was no credible evidence to support Husband's claim.

Furthermore, even if the trial court had not found Husband to be an incredible witness, his testimony alone was insufficient to meet his burden. Husband testified only that Wife had received the content of his bank accounts, but he did not testify as to how much income he lost because he was no longer receiving interest on those accounts. Thus, even if the trial court had found him to be credible, his testimony failed to establish a loss of income, which was the basis for his modification request. There is simply no evidence to support Husband's claim that he has suffered a loss of income because Wife seized the contents of his bank accounts. Similarly, Husband's own testimony belies Husband's claim with regard to gas and coal royalties.

*See* N.T., 8/26/14, at 51 (Husband testifying that he uses the royalty checks to pay his living expenses).

Finally, although Husband alleges an increase in Wife's income as a basis for the modification of his APL obligation in his statement of the question involved, *see* Husband's Brief at 4, he has not included any argument regarding this claim in the argument portion of his brief. *Id.* at 10-13. As such, this claim is waived. *See Owens v. Mazzei*, 847 A.2d 700, 705-06 (Pa. Super. 2004) (holding that the Superior Court will not address an issue presented in the statement of questions involved where no corresponding analysis is included in the brief).

As the record supports the trial court's determination that Husband failed to establish a change of circumstance that would warrant a modification of his APL obligation, we have no basis upon which to disturb it.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/8/2015

- 6 -